IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DALE WILLIAM GILLEY, #182 280, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-22-WKW-WC |
| | ) | |
| ALABAMA BOARD OF PARDONS | ) | |
| AND PAROLES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Dale William Gilley ("Gilley" or "Plaintiff"), is an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama. He brings this *pro se* 42 U.S.C. § 1983 action against the Alabama Board of Pardons and Paroles and parole board members Cliff Walker and Eddie Cook, Jr.  Gilley alleges a violation of his due process rights at his November 1, 2016, parole hearing. Specifically, Gilley claims the defendant parole board members based their decision to deny him parole because of their personal feelings and bias regarding the offense on which he is incarcerated.  Plaintiff requests this matter be set for trial and that he be granted a new parole hearing.  Doc. 1.

Before the court is a motion to dismiss filed by Defendants. Doc. 11.  Defendants move to dismiss on the basis that the complaint is barred by the statute of limitations.  The court granted Gilley an opportunity to respond to the motion to dismiss (Doc. 13) and he has done so. Doc. 14.  Upon review of Defendants' motion to dismiss and Gilley's response, the court concludes the motion is due to be granted.

# I. DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F. Supp. 2d 468, 471 (M.D. Ala. 2000). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In considering a defendants motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citation omitted).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (internal quotations and citation omitted). Defendants' statute of limitations argument, therefore, will be meritorious only if it can be resolved on the face of the amended complaint.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S. Ct. 1938, 1946–47, 85 L. Ed. 2d 254 (1985).  [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*).  Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

2

Gilley initiated this action on December 21, 2018.[1]  He has been incarcerated for twenty-three years following his conviction for rape for which he received a life sentence. On November 1, 2016, Gilley had his third parole hearing.  He alleges the defendant parole board members failed to properly consider him for parole because they decided before the hearing, he was not a suitable candidate for parole despite the educational and rehabilitative accomplishments he has achieved during his incarceration. Doc. 1 at 2–6.

Gilley's allegations make clear his complaint is barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.  Gilley's complaint challenges Defendants' decision to deny him parole at his November 1, 2016, parole review hearing.  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Gilley from application of the time bar.[2]  Thus, the statute of limitations began to run on the claims challenging the validity of his contested parole hearing on November 1, 2016. The limitations period for this event ran uninterrupted until it expired in November 1, 2018. Yet Gilley initiated this action on December 21, 2018—after the expiration of the applicable limitations period.

In his response to Defendants' motion to dismiss, Gilley asserts reliance on his attorney's advice not to file anything until she "got back to him" regarding his claim that

---

[1] The court considers December 21, 2018 to be the filing date of the complaint.  Although the Clerk stamped the complaint "filed" on January 7, 2019, Gilley signed his complaint on December 21, 2018, and a *pro se* inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).
[2] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a).  The amended complaint demonstrates that Files was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

the defendant parole board members exhibited bias at his parole hearing. Doc. 14 at 2. Gilley left the matter to the attorney who he claims, "failed to act." Doc. 14 at 3. He subsequently requested the attorney's firm return copies of his parole documents, so he could file a complaint. Doc. 14 at 3.  Gilley claims he had to wait several months before he received the requested documents but promptly filed his complaint after receipt. Doc. 14 at 3.

To the extent Gilley's response contains a request to invoke equitable tolling of the limitation period, case law directs that a federal limitation period "may be equitably tolled" when a litigant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th  Cir. 1999) (holding the limitation period may be equitably tolled when a plaintiff "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence"); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); and *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002).  Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039–40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002), *overruled in part as stated by Sykosky v. Crosby*, 187 F. App'x 953, 958 (11th Cir. 2006).  "The plaintiff bears the burden of showing that such extraordinary circumstances exist.  In determining whether a plaintiff meets this burden, we must keep in mind that [equitable] tolling is an extraordinary remedy which should be extended only sparingly."

*Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (quotation marks and citations omitted).

Here, Gilley has alleged no extraordinary circumstances beyond his control and unavoidable with the exercise of diligence which warrant equitable tolling of the limitation period. The law is settled that an inmate's lack of legal knowledge, his failure to understand legal principles, and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding *pro se* status and ignorance of the law do not justify equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (holding ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. R.R. Ret. Board*, 131 F.3d 967, 969 (11th Cir. 1997) (holding ignorance of the law "is not a factor that can warrant equitable tolling."). Further, Gilley's decision to take his counsel's advice to delay filing suit and his decision to delay filing until he received "proof" to support his complaint fails to establish any impediment to his ability to file a timely complaint. *See Bost v. Fed. Express Corp.,* 372 F.3d 1233, 1242 (11th Cir. 2004) (quotation marks and citation omitted) (holding "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly.").

Gilley concedes knowledge of the challenged matter when the event occurred. Thus, this court "cannot say that [Gilley] has acted with the conscience, good faith, and

reasonable diligence necessary to call into action the powers of the court.  This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1290 n.5 (quotation marks omitted).  Consequently, Gilley is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to warrant this action.

Based on the facts apparent from the face of the complaint, Gilley has no legal basis on which to proceed with his claims regarding the validity of his challenged parole hearing because he filed this cause of action more than two years after the challenged actions occurred.  With no basis for tolling the limitation period, the two-year period of limitations applicable to Gilley's claims expired prior to the filing of this action.  The court therefore concludes that Gilley's constitutional challenges asserted against Defendants concerning his November 1, 2016, parole review hearing are barred by the statute of limitations. Defendants' motion to dismiss is, therefore, is due to be granted and Gilley's complaint against them is due to be dismissed with prejudice.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' *Motion to Dismiss* (Doc. 11) be GRANTED;

2. This case be DISMISSED with prejudice.

It is further ORDERED that **on or before August 7, 2019**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  The parties are

advised that frivolous, conclusive, or general objections will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 24th day of July, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE